

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
NICK XXXXXXXXON
ATTORNEY GENERAL

Honorable Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. O-1968
Re: Legality of a plan of group
insurance for employees of the
Highway Department.

     You have previously requested an opinion of this department concerning the legality of a plan of group insurance for employees of the Highway Department. The plan as previously submitted provided for the issuance of a warrant by the Comptroller of Public Accounts to the insurance company, which warrant would be made up of the various payments deducted from the salary warrants of the numbers of the insurance group. The proposed plan which you submitted necessitated, as you stated in your letter, the use of various employees of the Highway Department to facilitate the same. Therefore, this department, in Opinion No. O-1755, ruled that the plan could not be put into effect because it called for the use of State employees for a private purpose.

     In your letter of February 13, 1940, you have resubmitted your question concerning the legality of such a plan of group insurance leaving out the objectionable feature of the first plan above pointed out. In your second letter you ask the following questions:

     "(1) Would it be legal for an insurance company to issue a policy of group insurance to employees of the Highway Department, which included life insurance? The Department, of course, could not pay any portion of the premium.

     "(2) Can any portion of an employee's wages or salary, when assignment has been given, be paid to someone else?"

     In answer to your first question, you are advised that Article 4764a of the Revised Statutes reads, in part, as follows:

     "Sec. 1: Group life insurance is hereby de-

clared to be that form of life insurance covering
not less than 25 employees written under a policy
issued to the employer, the premium for which is to
be paid by the employer or by the employer and em-
ployees jointly . . ."

You are therefore advised that under the above quoted
Article group insurance which would include life insurance
coverage may not be taken out unless at least part of the
premium is paid by the employer. Of course, the State High-
way Department is unauthorized to make any such payment. You
are therefore advised that such a proposed plan of group in-
surance may not be adopted by employees of the Highway Depart-
ment.

The answer to your second question presents a much
more difficult problem. According to the plan submitted it
would be necessary for the Comptroller of Public Accounts to
have the authority to issue a warrant to a third person in pay-
ment of a partial salary assignment. It is the opinion of
this department that the Comptroller has no such authority and
that he is allowed to issue a warrant only in the name of the
employee himself. Our conclusion in this respect is based up-
on an analysis of our statutes which authorize the Comptroller
to issue pay warrants and authorize him to keep books and re-
cords showing such payments. Article 4358 of Vernon's Anno-
tated Civil Statutes reads as follows:

"The Comptroller shall have printed uniform
pay warrants, which shall be of three classes:
'general,' 'special' and 'pension.' Such warrants
shall be prepared in duplicate, and shall be
marked 'original' and 'duplicate,' respectively;
and each class shall be serially numbered and
shall be of a color of paper different from the
other class. A separate series of numbers may be
used for warrants issued for payrolls to be paid
from the General Revenue Fund, and for warrants
issued for claims to be paid from 'highway' or
other special funds, when the Comptroller deems
such special series of members advisable. Such
warrants shall be prepared so as to provide for
entering thereon in addition to other appropriate
matters, the following:

"1. Initials of the person in the Comptroller's
Department comparing the warrant with the claim.

"2. Designation of the fund against which the
warrant is drawn.

"3.  Appropriation against which disbursement is
to be charged."

Article 4359, V.A.C.S., reads in part as follows:

"The Comptroller shall provide a pay war-
rant register for each class of pay warrants,
each volume of which shall be appropriately de-
signated by class, number or otherwise.  When a
pay warrant is prepared, it shall be registered
in the pay warrant register for the class to
which it belongs; and such registery shall con-
sist of an entry of the amount of the warrant,
name of the payee, appropriation to which charged,
and such other information as may be deemed ad-
visable by the Comptroller."

Senate Bill No. 427, Acts, 46th Legislature, 1939, is
commonly called the Departmental Appropriation Bill.  Said Act
provides in part as follows:

"Salary and other Provisions, (a) All an-
nual salaries shall be paid in twelve (12) equal
monthly installments, unless otherwise provided
herein. . . . .

"Salary Payments.  No salary for which an
appropriation is made herein shall be paid to
any person unless such person actually dis-
charges assigned duties.  Every month the head
of each department shall attach to the payroll
for his department an affidavit, under oath,
stating that the persons listed in said payroll
actually performed the duties for which they
were being paid.  The Comptroller shall not is-
sue warrants for the payment of salaries listed
on said payroll unless this affidavit is filed
with him.  Each department head shall number
consecutively the salaried positions in his de-
partment for which an appropriation is made
herein (either out of the General Revenue Fund,
fees, receipts, special funds or out of other
funds available for use by said department) and
opposite the number of the position, he shall
set out the title of the position and the name
of the person employed to fill the same.  This
statement shall be filed with the Comptroller,
who shall, when issuing his warrant to any em-
ployee in payment of salary due said employee,
number the warrant with the same number that is

assigned to the position filled by said employee...."

An analysis of the duties of the Comptroller in the issuance of pay warrants as stated in the above quoted Articles indicates, in the first place, that salaries are to be paid in twelve (12) equal monthly installments. Each warrant drawn shall be paid only in pursuance of an affidavit filed by the head of a department with the Comptroller. When the Comptroller issues the warrant the same shall be numbered with the same number that is assigned to the position filled by the employee. It is to be noted in this respect that this portion of the General Appropriation Bill reads:

> "when issuing his warrant to any employee in payment of salary due."

This language clearly indicates that the warrants are to be issued to the employees themselves. An accurate system is then set up by which the warrants are registered by the Comptroller and records are kept on all salaries paid which records correspond to the actual warrants issued.

It can be seen from the above discussion that the legislative plan for the issuance of pay warrants would be greatly hampered by the Comptroller having to recognize a partial assignment of wages and having to issue one warrant to the employee and another to a third party who is the assignee of the employee. To carry this same reasoning further, suppose the employee assigns several portions of his wages to several different individuals. This would require the Comptroller to issue to each a separate warrant for his particular portion. Even if the Comptroller could do this under the law and could issue the warrants to the insurance company as contemplated in your plan it would require extra work on the part of some of his employees to keep the books straight.

It is the opinion of this department that the employees of the Comptroller are unauthorized to do this work. In effect, such employees would be performing private services for private individuals, while being paid by the State.

It is the opinion of this department, therefore, that the Comptroller of Public Accounts is unauthorized to issue warrants to the insurance company as contemplated in the proposed plan of group insurance which you submit.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Billy Goldberg
Billy Goldberg
Assistant

BG:jm:wc

APPROVED MAR 8, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman